UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**SEDNEY DELANO,**

        **Plaintiff,**

      **-v-**        **9:13-CV-0070 (NAM/TWD)**

**R. RENDLE, Sergeant, Clinton Correctional Facility,
C. STRONG, C.O., Clinton Correctional Facility, J.
MAILLOUX, C.O., Clinton Correctional Facility,
TAYLOR, Nurse, Clinton Correctional Facility, B.
LECUYER, Nurse Administrator, Clinton
Correctional Facility, DOUGHLAS B. COLLYER,
A.D.A., Clinton County, JOHN DOE #1, C.O. Clinton
Correctional Facility, JOHN DOE #2, C.O. Clinton
Correctional Facility,**

        **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Sedney Delano, 96-A-2760
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Colleen D. Galligan, Esq., Assistant New York State Attorney
The Capitol
Albany, NY 12224
Attorney for State Defendants

Lemire, Johnson Law Firm
Gregg T. Johnson, Esq.
Bradley J. Stevens, Esq.
P.O. Box 2485
2534 Route 9
Malta, NY 12020
Attorneys for Defendant Douglas B. Collyer

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On May 1, 2014, defendant Douglas B. Collyer, Assistant Clinton County District Attorney moved (Dkt. No. 17) to dismiss plaintiff's Amended Complaint (Dkt. No. 6) for failure to state a claim.[1] Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action under 42 U.S.C. § 1983 alleging that defendant Collyer violated plaintiff's rights when he obtained a copy of plaintiff's medical records.[2] Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks has issued a thorough Order and Report-Recommendation (Dkt. No. 91) recommending that the motion be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of the Report-Recommendation to which plaintiff specifically objects. Where, however, an objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court reviews for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When no objections are made, the Court conducts clear error review. *See Kaboggozamusoke v. Rye Town Hilton Hotel,* 370 F. App'x 246, 248, n.1 (2d Cir. 2010). Plaintiff submits an objection (Dkt. No. 92) to the Order and Report-Recommendation arguing that the portion of the decision holding that absolute immunity protected defendant Collyer from plaintiff's claims is "clearly

---

[1] Defendant Collyer also moved to dismiss for improper service, but subsequently withdrew this ground for dismissal. (Dkt. Nos. 53, 54).

[2] This Memorandum Decision and Order addresses only defendant Collyer's motion to dismiss, therefore, plaintiff's claims against the remaining defendants are not discussed.

-2-

contrary to law."[3] Therefore, the court conducts a *de novo* review of this portion of the decision.

After thorough review of the record and applicable law, the Court agrees with Magistrate Judge Dancks' analysis. As he did in his opposition (Dkt. No. 33) to the motion to dismiss, plaintiff argues that defendant Collyer's actions "fall outside the scope of absolute immunity."[4] As discussed in Judge Dancks' recommendation, defendant Collyer requested and received plaintiff's medical records while preparing for the trial on plaintiff's criminal indictment. Consequently, the Court agrees that defendant Collyer's actions were "reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution, or to defend a conviction," rather than "gathering and piecing together . . . evidence for indications of criminal activities and determination of the perpetrators"–the latter being investigative functions not entitled to absolute immunity. *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012).

It is therefore

ORDERED that the Order and Report-Recommendation (Dkt. No. 91) of United States Magistrate Judge Thérèse Wiley Dancks is accepted and adopted; and it is further

ORDERED that defendant Douglas B. Collyer's motion to dismiss (Dkt. No. 17) is granted with prejudice; and it is further

ORDERED that defendant Douglas B. Collyer is dismissed from this action; and it is further

---

[3] The Court notes that plaintiff also devotes a large portion of his objection to the argument that the court erred in denying (Dkt. No. 73, 90) his motions to amend (Dkt. Nos. 25, 83). Plaintiff did not raise this issue in his opposition (Dkt. No. 33) to Collery's dismissal motion. Nevertheless, the Court has reviewed the issue and concurs with the rulings made by Judge Dancks.

[4] Plaintiff makes similar arguments in a response (Dkt. No. 96) to defendant Collyer's response to plaintiff's objection. Although such a reply is not permitted, in light of plaintiff's pro se status, the court has reviewed the document. As in his other filings, plaintiff continues to argue that defendant Collyer was not acting "in his capacity as a prosecutor" when he obtained plaintiff's medical records.

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Dated: March 31, 2015
      Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge