UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**Sedney Delano, also known as Delano Sedney,**

                           **Plaintiff,**

                      **-v-**                            **9:13-CV-70 (NAM/TWD)**

**R. Rendle, C. Strong, J. Mailloux, Capt. Lacey, Taylor,
B. Lecuyer, Douglas B. Collyer, Racette, K. Bellamy,
John Doe #1, John Doe #2, Poitras,**

                           **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Sedney Delano
c/o Delamo Sedney
2402 Bayswater Avenue
Far Rockaway, New York 11691
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Colleen D. Galligan, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants R. Rendle, C. Strong, J. Mailloux, Taylor, and
B. Lecuyer

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, formerly an inmate in the custody of the New York State Department of

Corrections and Community Supervision, brought this action under 42 U.S.C. § 1983, claiming

that defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated

at Clinton Correctional Facility. The claims in the amended complaint (Dkt. No. 6) stem from an

incident occurring on January 21, 2010 in which plaintiff was allegedly subjected to excessive

force and denial of medical care. Claims against certain defendants have already been dismissed

(Dkt. Nos. 13, 98), and the following defendants remain in the case: Sergeant R. Rendle ("Rendle"), Corrections Officer C. Strong ("Strong"), Corrections Officer J. Mailloux ("Mailloux"), Nurse Taylor, and Nurse Administrator Lecuyer ("Lecuyer").

Defendants moved for partial summary judgment (Dkt. No. 129), and plaintiff cross-moved for summary judgment (Dkt. No. 131). Upon referral under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued an Order and Report and Recommendation (Dkt. No. 146) in which she recommends denying plaintiff's summary judgment motion and granting in part defendants' motion for partial summary judgment as follows: (1) dismissing all official-capacity claims against defendants based on the Eleventh Amendment; (2) dismissing the claims against Lecuyer based on failure to exhaust administrative remedies; and (3) denying the motion in all other respects.

Plaintiff objects (Dkt. No. 147) to so much of the Report and Recommendation as recommends denial of his motion for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court conducts a *de novo* review of this matter. A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine dispute exists when a rational trier of fact could find for the nonmoving party. *See id*. Because plaintiff is proceeding *pro se*, the Court reads his papers liberally and interprets them to raise the strongest arguments that they suggest. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

-2-

In his objection, plaintiff contends that he is entitled to summary judgment based on factual allegations in the record that he believes support his claim. Many of these allegations, however, are in dispute. Defendants have submitted evidence, including declarations from defendants Rendle, Strong, and Mailloux, establishing that there are genuine issues for trial. Thus, on *de novo* review, the Court denies plaintiff's motion for summary judgment.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 146) is accepted; and it is further

ORDERED that plaintiff's motion for summary judgment (Dkt. No. 131) is denied; and it is further

ORDERED that defendants' motion for partial summary judgment (Dkt. No. 129) is granted in part and denied in part as follows: (1) all official-capacity claims against defendants are dismissed with prejudice; (2) all claims against Lecuyer are dismissed with prejudice; and (3) the motion is denied in all other respects; and it is further

ORDERED that a trial date will be set; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York, and to serve plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

Date: August 3, 2016
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge